IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIUS WHITE, | : |
| Plaintiff, | : |
| VS. | : NO. 5:21-cv-00009-TES-CHW |
| JUDGE THROWER, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Julius White, a former inmate in the Baldwin County Jail, has filed a Recast Complaint (ECF No. 11) and a non-prisoner motion to proceed *in forma pauperis* (ECF No. 12). Also pending before the Court is Plaintiff's motion for injunctive relief (ECF No. 5). The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* and finds that Plaintiff does not presently have the ability to pay the Court's filing fee. Accordingly, his motion to proceed *in forma pauperis* (ECF No. 12) is **GRANTED**. It is **RECOMMENDED**, however, that Plaintiff's motion for injunctive relief be **DENIED as moot**. Plaintiff will also be required to amend or supplement his Complaint to provide the Court with additional information if he wishes to proceed with his claims.

    **I.**    **Order to Supplement or Amend**

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915(e). Plaintiff's claims arise

out of his recent incarceration in the Baldwin County Jail. Recast Compl. 4-5, ECF No. 11. According to the Recast Complaint, which is the operative pleading in this case, Plaintiff appeared in court in Baldwin County sometime in October of 2020 on what appears to be a traffic violation. *Id.* at 4. Although it is somewhat unclear, it appears Plaintiff alleges that during that court proceeding, Defendant Thrower, a judge, ordered Defendants Washton, Clark, and Brookin to hold Plaintiff in a cell for "over a[n] hour" even though Plaintiff had never been arrested and had never been held in contempt. *Id.* at 4-5. Plaintiff, who is asthmatic and sometimes requires use of an asthma pump, contends he became short of breath while in this cell and "almost" suffered an asthma attack. *Id.* at 5, 6. Plaintiff also states that he "possibly had a stroke" at this time. *Id.* at 6. Emergency medical services were called to attend to Plaintiff. *Id.* at 5.

Plaintiff further alleges that on or about December 7, 2020, Defendant Thrower "knew [Plaintiff] appeared a little late on another court apperence [sic]." Recast Compl. 5, ECF No. 11. Plaintiff contends that Defendant Thrower "was bias and prejudice toward" him and "placed a bench warrant," and the solicitor, Defendant Guess, requested that Defendant Thrower deny Plaintiff a bond. *Id.* As a result, Plaintiff alleges he was held "for over a month without bail" for what was ultimately a traffic violation. *Id.* Plaintiff contends Defendants' actions violated his constitutional rights, and as a result his Recast Complaint primarily requests compensatory damages. *Id.* at 6.

Though it appears Plaintiff wishes to raise claims for false arrest or false imprisonment, it is unclear from Plaintiff's Recast Complaint whether he still has any pending criminal charges related to the events described in his Recast Complaint. The

Court will need this information before it can determine whether Plaintiff's potential claims should be allowed to proceed beyond the frivolity review stage. Plaintiff is therefore **ORDERED** to amend and/or supplement his Complaint by providing additional information concerning his criminal charges. In providing this additional information, Plaintiff should explain the status and outcome of any criminal charges that are related to the events described in the Complaint filed in the above-captioned action. Such explanation should include a listing of each of the crimes for which Plaintiff was arrested, charged, and/or convicted; the outcome of each of the charges; the dates on which each of these charges was resolved; and an explanation of whether any of these charges are still pending. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to amend or supplement his Complaint by providing this information.

### II. Motion for "Mandatory Injunction"

Plaintiff has also filed a motion for a "mandatory injunction" alleging that he has been "in jail since 7th of Dec" without also being "on probation nor parole" and without a bond. Mot. Inj. 1, ECF No. 5. Plaintiff thus seeks an order from this Court "to command these defendants to [give him] a bond immeadetly [sic]." *Id.* Because Plaintiff has now been released from jail, however, his motion for a bond appears to be moot. It is therefore **RECOMMENDED** that Plaintiff's motion for a mandatory injunction (ECF No. 5) be **DENIED** as such.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 12) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's motion for injunctive relief

(ECF No. 5) be **DENIED as moot**. Plaintiff will also be required to amend or supplement his Complaint within **TWENTY-ONE (21) DAYS** from the date of this Order by providing the additional information described herein. Plaintiff should ensure that the case number for this civil action appears on his amendment/supplement. Plaintiff is also reminded of his obligation to immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** There will be no service of process in this case until further order.

      **SO ORDERED AND RECOMMENDED**, this 28th day of July, 2021.

                            s/ Charles H. Weigle
                            Charles H. Weigle
                            United States Magistrate Judge